[No. 19561.   In Bank.—March 11, 1896.]

A. L. KNOX, RESPONDENT, v. J. P. RAINBOW ET AL., APPELLANTS.

CERTIORARI—REFUSAL OF SUPERVISORS TO ISSUE LIQUOR LICENSE.—*Certiorari* will not lie to annul the action of a county board of supervisors in denying an application for a license to sell liquor at retail.

ID.—REFUSAL NOT AN ESTOPPEL—RENEWAL OF APPLICATION.—The refusal of a liquor license by the board of supervisors has no· mandatory force, and does not oust an estoppel, or prevent a renewal of the application, and cannot, therefore, work an injury to the applicant, to be remedied by *certiorari*, which could only have the effect to place the matter before the board as though an action had been taken.

APPEAL from a judgment of the Superior Court of San Diego County. W. L. PIERCE, Judge.

The facts are stated in the opinion of the court.

*M. L. Ward, District Attorney,* and *A. Haines, Assistant District Attorney,* for Appellants.

*Copeland & Goodbody,* for Respondents.

TEMPLE, J.—This is an appeal from a judgment rendered by the superior court annulling, on *certiorari,* the action of the board of supervisors of San Diego county denying an application for a license to sell liquor, at retail, in El Cajon township in said county.

The parties have mistaken their remedy. If an official or a board refuses to perform a duty specially enjoined by law, it is absurd to declare such refusal void. Setting aside the order will not affect the fact—if it be a fact—that the board has refused to do its duty. An order was not necessary to show such refusal. If it had refused to make any order in the premises, or to consider the application, the effect would be the same.

If the board had any discretion in the matter and it was not a duty imperatively imposed by law, then their refusal cannot be so reviewed. Their action in such case would be clearly within their jurisdiction.

It is not necessary to consider the question as to whether such action was judicial.

But, waiving all other questions, of what advantage can it be to plaintiff to have the order vacated? There is no mandatory force in such an order. The effect of it—if it had any—would be to place the matter before the board as though no action had been taken. But there is no estoppel in such an order. It does not prevent the applicant from again soliciting a license. It is not, therefore, an injury to him.

The judgment is reversed and the cause remanded, with directions to the superior court to dismiss the proceedings.

GAROUTTE, J., VAN FLEET, J., HARRISON, J., McFARLAND, J., and HENSHAW, J., concurred.